IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brenda K. Robinson, | ) | C/A No. 0:14-3635-JFA-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

The plaintiff, Brenda K. Robinson ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security, denying her claims for Disability Insurance Benefits. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process based on Plaintiff's failure to prosecute this action and failure to comply with an order of this court.

## I.    Procedural Background

Plaintiff filed her Complaint on September 12, 2014, but failed to provide any service documents for the defendant. (ECF No. 1.) Therefore, the court issued an order on September 23, 2014, advising Plaintiff that the case was not in proper form for initial review and directing her to provide the service documents necessary to advance this case. (ECF No. 6 at 1-2.) The order warned Plaintiff that her failure to comply within the specified time frame could result in dismissal of the case under Rule 41 of the Federal Rules of Civil Procedure. (Id. at 1.) Plaintiff did not comply with or respond to the order and the time for such response has now lapsed.

**II.     Discussion**

As indicated above, Plaintiff has failed to comply with an order issued by this court and has failed to provide the documents necessary to accomplish initial review and possible service of process under 28 U.S.C. § 1915. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted).

In the instant action, Plaintiff is proceeding *pro se*; therefore, she is solely responsible for her refusal to comply with the court's order. Further, because Plaintiff has failed to comply with or respond to an order of this court, it does not appear that any sanction less drastic than dismissal is available. Therefore, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (finding that dismissal of a suit did not constitute abuse of discretion where the plaintiff "failed to respond to a specific directive from the court"). Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.



**III.    Conclusion**

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 27, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).